IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     vs.<br><br> (2) JAIRO AGUDELO,<br><br>                    Defendant. | Criminal No. 20-cr-10025-LTS |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO MODIFY RELEASE CONDITIONS

The United States of America, by and through Assistant United States Attorneys Lauren A. Graber and Jared C. Dolan, hereby opposes the Defendant's Motion to Modify Release Conditions (Dkt. 57). The defendant was indicted on January 29, 2020, for violations of Title 18 United States Code Sections 1956(h) (conspiracy to launder money) and 1956(a)(1) (money laundering), and he was arrested on February 13, 2020. After initially moving for detention, the government ultimately agreed to conditions of release. The Court ordered defendant to remain on home detention at all times except those pre-approved by the Court, or pursuant to a schedule set with Pretrial Services. The Court also ordered that defendant wear an electronic monitoring bracelet to ensure compliance with his conditions of release.

At the outset, Pretrial Services permitted defendant to leave his home for work only, between 9 a.m. and 6 p.m. Although not expressly acknowledged in his motion, Pretrial Services has confirmed that defendant stopped working around March 13, 2020, in light of COVID-19. Since he has stopped working, Pretrial Services has made three exceptions to allow defendant to move his residence, run various errands, and assist his wife with her job. Given the timing of defendant's requests for exceptions, the government is left wondering why the "significant

inconveniences" of his home detention only recently developed, and whether defendant had previously been performing these tasks during the time he was ostensibly working (thus potentially violating his conditions).

Defendant seeks to substantially amend his conditions of release from home detention to a simple curfew. In support of his motion, defendant cites no changed circumstances or new facts, only inconvenience. He wants to be able to do whatever he likes during the day. At a time when everyone in our society is being advised (if not ordered) to stay at home, defendant seeks to do the exact opposite. Of course, conditions of release are not designed to maximize convenience of the accused. As such, the government sees no reason why the Court should retreat from its order of home detention, and respectfully requests that the Court deny defendant's motion.

April 13, 2020

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   /s/ *Lauren A. Graber*
Lauren A. Graber
Jared C. Dolan
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed today through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                      */s/ Lauren A. Graber*
                                      Lauren A. Graber
                                      Assistant United States Attorney

April 13, 2020